IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:02-CR-22-3-BO

UNITES STATES OF AMERICA,          )
                                    )
            Plaintiff,              )
                                    )
v.                                  )          **O R D E R**
                                    )
GENE ANTHONY BROWN, Jr.,            )
                                    )
            Defendant.              )
_____ )

This matter is before the Court on what it construes as defendant's pro se motion to reconsider the denial of a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) (Crack Cocaine Offense) [DE 755]. For the reasons stated herein, the motion is DENIED.

## BACKGROUND

Defendant pled guilty to conspiracry to distribute and possess with intent to distribute cocaine and cocaine base (crack) and criminal forfeiture on April 15, 2002. Defendant was sentenced to 192 months' imprisonment and 5 years of supervised release on March 4, 2003. He was ordered to pay a special assessment of $100, plus restitution in the amount of $3,355 for a total amount due of $3,455. On September 10, 2009, Senior District Judge Fox denied defendant's motion to reduce sentence under 18 U.S.C. § 3582. On April 11, 2013, this Court held a hearing on and denied defendant's motion to reduce sentence under 18 U.S.C. § 3582. On January 7, 2014, the Court received a letter from defendant which asked that the Court consider his conduct and rehabilitation efforts and the small role he played in the conspiracy when reviewing his case. Defendant's § 3582 motions were denied because the amount of crack cocaine involved was too great for a reduction.

## DISCUSSION

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Section 3582(c)(2) establishes an exception to the general rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive pursuant to § 994(u). *Id.* (quoting § 3582(c)(2)). "In such cases, Congress has authorized courts to reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 824–25 (quoting § 3582(c)(2)).

The Court is limited in resentencing under section 3582 in that the applicable policy statement U.S.S.G. § B1.10 limits relief to the amendments listed in subsection c of the same. On August 3, 2010, Congress enacted the Fair Sentencing Act ("FSA"). Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The FSA reduced the statutory penalties for certain crack cocaine offenses. In order to make the Sentencing Guidelines consistent with the FSA, the Sentencing Commission issue Amendment 750 which revised the crack cocaine offense guideline to reflect the changes made by the FSA. U.S.S.G. App. C, Amdt. 750, Reason for Amendment (effective Nov. 1, 2011).

Because defendants' conspiracy involved more than 8.4 kilograms of crack cocaine, his base offense level remains the same as it did before Amendment 750 took effect. Accordingly, defendant is not entitled to a reduction in his guideline range and is not entitled to a reduction in his sentence because to do so would not be consistent with the applicable policy statement. The

Court cannot simply decide to credit defendant with a lower amount of crack cocaine. Defendant

is not entitled to relief and his motion for reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

SO ORDERED, this __11__ day of March, 2014.

_TERRENCE W. BOYLE_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE